IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEVEN RAY FRITTS AND MONTE EDWIN MUELLER,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>JOE CHINN,<br>　　　　　　　Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:12-cv-307-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

This matter was referred to Magistrate Judge Brooke C. Wells by District Judge Dee Benson pursuant to 28 U.S.C. §636(b)(1)(B).[1] Before the Court is a Complaint filed on March 29, 2012 by Steven Ray Fritts and Monte Edwin Mueller, pro se plaintiffs (hereinafter collectively referred to as "Plaintiffs").[2]

The Complaint as well as the "Notice of Filing of Fault Contract Claim Document Rule 55"[3] are both illegible, incomprehensible and do not clearly state a cause of action in a way that the Court can understand what is being alleged.  In addition, as of the date of this Order, there is no indication that the Defendant has been served.[4]  On August 6, 2012, the Court issued an "Order re: Complaint"[5] which gave the Plaintiffs thirty (30) days in which to re-file their Complaint "setting forth any claim for relief legibly, comprehensively and in compliance with

---

[1] Docket No. 3.

[2] Docket No. 1.

[3] Docket No. 4.

[4] Docket no. 2 indicates that the Summons in this case was "Improper."

[5] Docket No. 5.

the requirements of the Federal and Local Rules of Civil Procedure.[6] The Order re: Complaint also ordered the Plaintiffs to "submit to the Court proof of service of the Complaint upon the Defendant.[7] The Order re: Complaint further stated that "[f]ailure to do within the required time frame may result in dismissal of the Complaint by the Court…"[8]  To date, nothing has been received or filed with the Court by Plaintiffs.

In pertinent part, Rule 8 of the Federal Rules of Civil Procedure, requires that "a pleading that states a claim for relief must contain:  a short and plain statement of the grounds, for the court's jurisdiction…[and] a short and plain statement of the claim showing that the pleader is entitled to relief.."[9]  Here, the Court finds that the Complaint filed by the Plaintiffs fails to meet the requirements of Rule 8.  The Complaint is illegible and not written in a way that demonstrates that the Plaintiffs are entitled to relief.

Additionally, Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 120 days after the complaint is filed,  the court—on motion or on its own after notice to the plaintiff—must dismiss the action with prejudice against that defendant…"[10]  In its Order re: Complaint, the Court put the Plaintiffs on notice that their action may be dismissed if the Plaintiffs failed to Comply with the Court's order.  As stated above, to date, the Plaintiffs have not filed anything with the Court in regard to the Court's Order re: Complaint.  Nor has there been any indication that service has been performed.

Thus, in accordance with the Court's Order re: Complaint, the undersigned therefore RECOMMENDS that this case be dismissed without prejudice for the Plaintiffs failure to follow

---

[6] Docket No. 5.

[7] Docket No. 5.

[8] Docket No. 5.

[9] Fed. R. Civ. P. 8(a)(1)-(2).

[10] Fed. R. Civ. P. 4(m).

the Court's Order, and the Rules of Federal Civil Procedure.  Copies of the foregoing Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy of the Report and Recommendation.[11]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21st day of September, 2012.

*Brooke C. Wells* (signature)

Brooke C. Wells
United States Magistrate Judge

---

[11] See Fed. R. Civ. P. 72(b)(2).